# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAURA SMITH,

                    Plaintiff,

v.

NATE BLOHM, JAQUITA PEEL, and
MILWAUKEE CHILDREN'S
COMMUNITY SERVICES,

                    Defendants.

Case No. 17-CV-475-JPS

**ORDER**

       The plaintiff Laura Smith ("Smith") filed a *pro se* complaint alleging that certain of her rights were violated. (Docket #1). This matter comes before the court on Smith's motion for leave to proceed *in forma pauperis*. (Docket #2). The Court will grant Smith's motion in light of her representations therein about her income and expenses. *Id.* Notwithstanding the payment of any filing fee, however, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Smith alleges that Nate Blohm ("Blohm") "violated me and my children['s] rights and put me and my kids in harm's way." (Docket #1 at 2). She further alleges that "Jaquita Peel [("Peel")] made false accusations against me and tried to take my visitation visits away because she discriminated against me and my children." *Id.* As to both of those defendants, Smith states that "[t]hey said foul things about me and my kids, [and] they are disrespectful and my kids are not safe in someone else['s] care." *Id.* "This took place at the office," says Smith, "and they don't do their job because they don't like me at all." *Id.*

It is not clear to whom Smith's remaining allegations are directed; she does not connect them to Blohm, Peel, or Milwaukee Children's Community Services ("MCCS"). *Id.* at 3. Nevertheless, Smith goes on to state that "they" took her children away from her and that she believes her children are not safe. *Id.* at 3. Smith says this lawsuit is brought pursuant to federal law, but cites no such laws or constitutional provisions which the defendants may have violated. *See generally id.* For relief, Smith requests money damages for

"distress," that the individual defendants be fired from their jobs, and that her children be returned to her care. *Id.* at 4.

Smith fails to state any viable claims for relief for two reasons. First, she states only that her "rights" were violated, without connecting her complaint to any federal law. Assuming Smith meant to reference her constitutional rights, those may only be enforced as against state actors. *Buchanan-Moore*, 570 F.3d at 827. Smith's only indication of government involvement is an assertion that MCCS is somehow connected to the "child protection service." (Docket #1 at 2). However, the address she provides is not of a state agency, but rather the Milwaukee 76th Street Community Services building, operated by Children's Hospital of Wisconsin. *See* Children's Hospital of Wisconsin, Locations, *available at*: http://www.chw.org/location-directory/locations/milwaukee-76th-street-community-services/. This is a private organization which is not subject to Section 1983 liability. If Blohm and Peel work for MCCS, then they too would be immune from Smith's instant suit.

Second, even assuming the defendants were state actors, Smith's claims are not grounded in federal law. Again, Smith offers no direction on the source of her "rights" which were allegedly violated. Her allegations do not support any constitutional claims; vague references to "disrespect," "discrimination," and "false accusations" do not implicate any protections provided by the Bill of Rights. Rather, they at best rest on a cause of action for the infliction of emotional distress, which is a state law claim that must be brought in state court. In the same vein, the underlying theme of Smith's complaint is that her children were taken from her by the state due to some alleged problem with Smith's parenting, and the children are now living in

a different home. If Smith desires to have her children returned to her, she must raise the matter in a Wisconsin family court. This Court, a federal court, has no power to grant her that relief.

In light of the foregoing, Smith's complaint must be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge